UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING LLC A/A/O PETER AND MARJORIE RZASNICKI,

    Plaintiff,

v.                                            Case No.:  2:20-cv-228-FtM-38MRM

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

    Before the Court is Plaintiff/Counter-Defendant CMR Construction & Roofing, LLC AAO Peter and Marjorie Rzasnicki's Motion to Dismiss Defendant/Counter-Plaintiff Federal Insurance Company ("FIC")'s Counterclaim (Doc. 16) and FIC's response in opposition (Doc. 17). For the below reasons, the Court denies the motion.

    This is an insurance dispute. FIC insured the Rzasnickis' home when Hurricane Irma blew through town and damaged their roof. The Rzasnickis filed an insurance claim. But before FIC responded, they assigned certain benefits under the policy to CMR. When FIC denied the claim, CMR sued it in state court for breach of contract. (Doc. 3). FIC then removed the case here and answered the Complaint. (Doc. 1; Doc. 5). It also filed a counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

According to the counterclaim, CMR has yet to repair the Rzasnickis' roof and will not do so until FIC pays the claim. (Doc. 5 at 9-10). From there, FIC argues that CMR is serving as both the Rzasnickis' contractor and public adjuster in violation of Florida Statute § 626.854. FIC thus asks the Court to declare that CMR has violated Florida law, void the assignment, and find that CMR has no standing to sue. (Doc. 5 at 19). In response, CMR moves to dismiss the counterclaim arguing there is no cause of action under Florida Statute § 626.854 and the counterclaim is redundant of FIC's affirmative defenses.

A motion to dismiss a counterclaim under Rule 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant can attack such a pleading under Rule 12(b)(6) by arguing it fails to state a claim upon which relief can be granted.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). And when deciding a motion to dismiss, the court must accept all factual allegations in the counterclaim as true and view them in a light most favorable to the counter-plaintiff. *Ashcroft*, 556 U.S. at 679.

After reviewing the parties' arguments, record, and relevant law, the Courts denies CMR's motion.  In doing so, it finds Judge Barber's decision in *CMR Constr. & Roofing LLC, v. Ace Ins. Co.*, No. 2:19-cv-771-FtM-60MRM, 2020 WL 2307509 (M.D. Fla. May 8, 2020) to be instructive.  In that case, the defendant filed a counterclaim seeking a declaratory judgment that the plaintiff (the same CMR as here) lacked standing to sue because it acted as public adjuster in violation of Florida Statute § 626.854.  Judge Barber found that "the question of whether CMR was acting as a 'public adjuster' . . . presents a question of fact that is not appropriately resolved by a motion to dismiss."  *Id.* at *2.  He also found that Rule 12(b)(6) tests the validity of the claim, not its redundancy.  So Judge Barber rejected CMR's argument that the counterclaim was redundant.  *Id.*

The Court will follow Judge Barber's well-reasoned decision.  It thus finds that the motion to dismiss cannot resolve the factual question of whether CMR unlawfully acted as a public adjuster.  *See, e.g.*, *Paramount Disaster Recovery LLC v. Amica Mut. Ins. Co.*, No. 2:16-CV-14566, 2017 WL 6948728, at *5 (S.D. Fla. Dec. 6, 2017) (denying summary judgment because there were genuine issues of fact about whether the plaintiff acted as a public adjuster within the scope of § 626.854).  FIC has also alleged enough facts to state its counterclaim under the Federal Rules of Procedure.  Also, CMR's argument that the counterclaim is redundant fares no better because "[m]otions to dismiss made under Rule 12(b)(6) only test the validity of the claim, not its redundancy."  *Maher v. Rockhill Ins. Co.*, No. 2:18-cv-807-FtM-99UAM, 2019 WL 5084093, at *1 (M.D. Fla. Feb. 6, 2019) (citation omitted).

Accordingly, it is now

**ORDERED:**

Plaintiff/Counter-Defendant CMR Construction & Roofing, LLC AAO Peter and Marjorie Rzasnicki's Motion to Dismiss Counterclaim (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June 2020.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record